UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB KYLE SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-0452-CVE-CDL |
| | ) |
| VIC REGALADO, Sheriff of Tulsa County, in his official capacity, | ) |
| EDDIE VIRDEN, Sheriff of Osage County, in his official capacity, | ) |
| ANDY SIMMONS, Sheriff of Muskogee County, in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Jacob Kyle Shelton, an Oklahoma prisoner appearing pro se and in forma pauperis, brings this civil action to vindicate the alleged violation of his rights, under the United States and Oklahoma Constitutions, to freely exercise his religion. Before the Court are three motions: (1) defendant Sheriff Eddie Virden's partial motion to dismiss filed June 23, 2023 (Dkt. # 25); (2) defendant Sheriff Andy Simmons's partial motion to dismiss filed June 26, 2023 (Dkt. # 30); and (3) defendant Sheriff Vic Regalado's partial motion to dismiss filed July 6, 2023 (Dkt. # 31). Shelton did not respond to any of these motions, and the time to do so has passed.

**I.     Procedural background**

Shelton commenced this action in October 2022, while he was detained at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma ("the Tulsa County Jail"), by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1) and a motion for leave to proceed in forma pauperis (Dkt. # 2). In the complaint, Shelton alleged that his First Amendment rights were violated because he is a Messianic Jew, "sacred text requires [that he] eat kosher meals," and he

was denied kosher meals while he was detained at the Osage County Jail, the Muskogee County Jail, and the Tulsa County Jail, with the most recent denial occurring on October 7, 2022, at the Tulsa County Jail. Dkt. # 1, at 2-3. Shelton named all three county jails as defendants and sought injunctive relief and monetary damages. Dkt. # 1, at 1-3. In an order filed November 8, 2022, the Court granted Shelton leave to proceed in forma pauperis and found that the complaint was subject to being dismissed because Shelton did not identify any proper defendants, his claims for injunctive relief were moot to the extent he was no longer detained at two of the county jails, and his factual allegations were not well developed. Dkt. # 3, at 1-6. The Court, however, granted Shelton leave to file an amended complaint. Id. at 7.

Shelton filed an amended complaint on December 5, 2022. Dkt. # 5. In the amended complaint Shelton identified as defendants the county sheriffs in charge of each jail where he was or had been detained: Tulsa County Sheriff Vic Regalado, Osage County Sheriff Eddie Virden, and Muskogee County Sheriff Andy Simmons. Id. at 2-3, 10. Shelton claimed that each defendant, acting under color of state law, violated his right to freely exercise his religion, as that right is protected by the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq. Id. at 3, 5, 10-11. Shelton again alleged that he is a Messianic Jew and that "[s]acred [t]ext and [his]deeply held religious faith requires that [he] eat" kosher meals. Id. at 10. Shelton alleged that he asked for kosher meals while he was detained at the Osage County Jail and the Muskogee County Jail, that he "was told that they don't do that here," and that he submitted grievances based on the refusal to provide kosher meals. Id. Shelton alleged that he received some kosher meals at the Tulsa County Jail, but he also alleged that "[j]ail officials and Summit Food Service refused to provide [him] with a kosher meal." Id. Shelton further alleged that he "starved that night" that he was denied a kosher meal and that he "submitted

grievances." Id. Shelton again sought injunctive relief and monetary damages. Id. at 5. In the amended complaint, Shelton expressly sought "leave from the court to further amend this lawsuit." Id. at 11. In an order filed January 9, 2023, the Court found that the factual allegations in the amended complaint were sufficient to survive preliminary screening under 42 U.S.C. § 1915A,[1] acknowledged Shelton's request for leave to further amend his complaint, and stated:

> No later than 30 days after entry of this order, Shelton may file a second amended complaint. If Shelton files a second amended complaint, it will supersede, or replace, the amended complaint. Thus, in the second amended complaint Shelton must identify all defendants he intends to sue, all claims he intends to assert, and all factual allegations to support those claims. If Shelton decides not to file a second amended complaint, he should notify the Court, in writing, that he intends to proceed with this action on the facts and claims alleged in the amended complaint filed December 5, 2022.

Id. at 4-5. The Court also directed Shelton to complete and submit summonses and service of process forms, on or before February 8, 2023. Id. at 5-6.

In an order filed March 15, 2023, the Court found that Shelton had not submitted a second amended complaint, had not notified the Court in writing that he intended to proceed with the amended complaint, and had not submitted any summonses or service of process forms. Dkt. # 7, at 2. The Court directed Shelton to file a written response explaining why this civil action should not be dismissed for lack of prosecution. Id. That order was mailed to Shelton's last known address at the Tulsa County Jail and was returned as undeliverable on March 27, 2023. Dkt. # 8. In an order filed April 5, 2023, the Court directed the Clerk of Court to update Shelton's address to show that he was in state custody at the Davis Correctional Center ("DCF") in Holdenville,

---

[1] Section 1915A requires courts to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to "identify cognizable claims," and to "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Oklahoma, and gave Shelton additional time to show why this action should not be dismissed. Dkt. # 9. Shelton filed a written response on April 20, 2023, explaining that he did not timely receive legal mail following his transfer to the DCF and that he "wish[ed] to continue with the facts alleged in [his] amended complaint filed on December 5, 2022." Dkt. # 10, at 1. Seven days later, Shelton filed a second written response and a second amended complaint. Dkt. ## 12, 13. In the second written response, Shelton again cited delay in receiving legal mail due to his transfer to the DCF and, contrary to his prior statement regarding the amended complaint, he expressly stated that he wanted to proceed with this action on the second amended complaint. See Dkt. # 12, at 2 ("This is the official amended version I wish to use for the record!!"). On May 25, 2023, after receiving summonses and service of process forms from Shelton, the Court found the factual allegations in the second amended complaint sufficient to survive preliminary screening under § 1915A and directed the United States Marshals Service to serve summonses and copies of the second amended complaint on defendants. Dkt. # 15.

Sheriff Simmons and Sheriff Virden each filed a partial motion to dismiss the second amended complaint, seeking dismissal under Federal Rule of Civil Procedure 12(b)(6), and each defendant also filed an answer to the second amended complaint. Dkt. ## 25, 26, 29, 30. Sheriff Regalado filed a partial motion to dismiss, seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. # 31. Shelton did not respond to any motions to dismiss.[2]

---

[2] On September 21, 2023, Sheriff Virden and Sheriff Simmons filed motions to deem confessed their partial motions to dismiss based on Shelton's failure to respond to the dismissal motions. Dkt. ## 33, 34; see LCvR7-1(e) ("At the discretion of the Court, any non-dispositive motion which is not opposed within twenty-one days may be deemed confessed."). Shelton's responses to these motions are not due until October 12, 2023. However, for the reasons stated in this opinion and order, the Court finds it more expedient to resolve the partial motions to dismiss rather than deem them confessed. The Court therefore denies as moot both motions to deem confessed the partial motions to dismiss.

**II.     Claims and allegations in the second amended complaint**

As just discussed, the operative complaint is the second amended complaint filed April 27, 2023 (Dkt. # 13). In the second amended complaint, Shelton names three defendants: (1) Tulsa County Sheriff Vic Regalado, in his official capacity; (2) Osage County Sheriff Eddie Virden, in his official capacity; and (3) Muskogee County Sheriff Andy Simmons, in his official capacity (collectively, "defendants"). Dkt. # 13, at 1-3. Shelton identifies two claims. First, he claims that defendants violated his First Amendment right to freely exercise his religion "by refusing to provide kosher food that is required by [his] strongly held religion" ("claim one"). Id. at 4. Second, he claims that defendants violated Article 1, § 2 of the Oklahoma Constitution and "restricted [his] freedom of religion by denying access to Kosher food that is a requirement of [his] strongly held religious beliefs" ("claim two"). Id. at 4.

Shelton provides few factual allegations to support these claims. He alleges that he "was denied kosher meals, forcing [him] to either starve or violate [his] religious beliefs by eating unclean food." Id. at 5. He alleges he was denied access to kosher meals (1) while he was detained at the Muskogee County Jail in October 2021; (2) while he was detained at the Osage County Jail in December 2021; and (3) while he was detained at the Tulsa County Jail from October 7, 2022, to February 15, 2023.³ Id. at 5. Shelton further alleges that the "[m]eals at all three jails where and when [he] was detained are not kosher," that his "strongly held religion requires that [he]

---

³ Shelton alleges that he was denied kosher meals at the Tulsa County Jail from "October 7, 2022 to present." Dkt. # 13, at 5. Shelton signed the second amended complaint on April 12, 2023. Id. at 9. But in his second written response, filed the same day as the second amended complaint, Shelton notified the Court that he had been transported from the Tulsa County Jail to state prison on or before February 15, 2023. Dkt. # 12, at 1. The Court thus construes the second amended complaint as alleging that Shelton was denied kosher meals at the Tulsa County Jail between October 7, 2022, and February 15, 2023.

5

always eat kosher meals and never other 'unclean' foods," and that he "had no[] choice but to starve or eat unclean foods in violation of [his] religious beliefs, causing spiritual and mental trauma." Id. Shelton alleges that he sustained "[o]nly mental injury." Id. In his request for relief, Shelton asks this Court to order defendants "to start providing kosher meals immediately" and to pay "money damages to compensate for [his] pain and suffering from starving and grief from eating unclean meals." Id. at 5-6.

### III.     Dismissal standards

Dismissal of claims under Rule 12(b)(1) is appropriate if the district court lacks subject matter jurisdiction. "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003)).

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted. To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. Id. at 556; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions"

or "formulaic recitation[s] of the elements of a cause of action." Bell Atl. Corp., 550 U.S. at 555. When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations and construe them in the plaintiff's favor. Id. But the court may disregard legal conclusions or conclusory statements devoid of factual support. Id.; Iqbal, 556 U.S. at 678.

Because Shelton appears in forma pauperis, this Court also has a continuing obligation to "dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether dismissal is appropriate under § 1915(e)(2)(B)(ii), the Court applies the same standards as it would in assessing the sufficiency of a complaint as challenged by a Rule 12(b)(6) motion. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

Lastly, when a plaintiff appears pro se the court must liberally construe the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Like all plaintiffs, a pro se plaintiff bears the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction eases that burden by permitting the court to overlook basic drafting errors and confusion of legal theories in determining whether the complaint can be "reasonably read . . . to state a valid claim on which the plaintiff could prevail." Id. At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting Bell Atl. Corp., 550 U.S. at 556). But dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Bell Atl. Corp., 550 U.S. at 558.

## IV.   Discussion

Shelton invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), by seeking relief under § 1983, as to the First Amendment claim he asserts in claim one, and he implicitly asks the Court to exercise supplemental jurisdiction, under 28 U.S.C. § 1367(a), over the related state law claim he asserts in claim two. In exercising supplemental jurisdiction over a state law claim in a federal question case, the federal court applies the substantive law of the forum state. BancOklahoma Mortg. Corp. v. Capital Title Co., 194 F.3d 1089, 1103 (10th Cir. 1999).

### A.   Claim two: defendants' alleged violation of the Oklahoma Constitution

Defendants seek dismissal of claim two—Shelton's claim that each defendant, acting in his official capacity, violated Shelton's right to freely exercise his religion, as that right is protected under Article 1, § 2 of the Oklahoma Constitution—primarily arguing that relief as to that claim is barred by the Oklahoma Governmental Tort Claims Act ("GTCA"), OKLA. STAT. tit. 51, §§ 151 et seq.

By suing each defendant only in his official capacity, Shelton has effectively sued Osage County, Muskogee County, and Tulsa County. See Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010) (noting that when a plaintiff sues a defendant in his or her official capacity, the suit is "essentially another way of pleading an action against the county or municipality [the official] represent[s]"); OKLA. STAT. tit. 19, § 4 (providing that a "[s]uit may be brought against a county by naming a county officer identified in Section 161 of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract"); OKLA. STAT. tit. 19, § 161 (defining "County officer" as including a county sheriff).

In Oklahoma, the GTCA "is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." Tuffy's, Inc. v. City of Oklahoma City, 212 P.3d 1158, 1163 (Okla.

8

2003). As defined in the GTCA, a "tort" is "a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person . . . as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment." OKLA. STAT. tit. 51, § 152(14) (eff. Nov. 1, 2022); see also Barrios v. Haskell Cnty. Public Facilities Auth., 432 P.3d 233, 238 (Okla. 2018) (explaining that the Oklahoma Legislature amended the GTCA in 2014 "to specify that the [s]tate's immunity from suit extended even to torts arising from alleged deprivations of constitutional rights"). Under the GTCA, a county is a political subdivision of the state. OKLA. STAT. tit. 51, § 152(11)(c) (eff. Nov. 1, 2022).

The GTCA immunizes "the state, its political subdivisions, and all of their employees acting within the scope of their employment" from liability for torts. OKLA. STAT. tit. 51, § 152.1(A). This immunity is subject to a limited waiver for the state and its political subdivisions, but "only to the extent and in the manner provided" in the GTCA. OKLA. STAT. tit. 51, § 152.1(B). And the GTCA expressly exempts from tort liability, and thus does not waive sovereign immunity, as to certain claims asserted against the state and its political subdivisions. OKLA. STAT. tit. 51, § 155; see Salazar v. City of Oklahoma City, 976 P.2d 1056, 1066 ("The Legislature kept in force certain forms of immunity from liability by providing in § 155 [a number of] carefully circumscribed exemptions."). Critically, the GTCA provides that the state and its political subdivisions are exempt from liability for torts, including "constitutional" torts, arising from the "provision, equipping, operation or maintenance of any prison, jail or correctional facility." OKLA. STAT. tit. 51, § 155(25); Barrios, 432 P.3d at 239. The Oklahoma Supreme Court has explained that this exemption

> withhold[s] the waiver of sovereign immunity for any loss or injury, whether to an inmate or other person, resulting from the operational level acts required to furnish

9

> the services of a penal institution, including the construction and repair of the facility; the security of the facility; the employment of personnel; the utilities and furnishings of the facility; the food, clothing, items for hygiene and other basic personal items needed by inmates or other persons; the educational, rehabilitative, communicational, recreational and medical and health services or any other service provided for inmates or other persons; the assignment of an inmate to a facility or a cell; and the release of an inmate; with the single exception of loss to persons not in custody caused by an accident involving a motor vehicle operated by the Department of Corrections.

Medina v. State, 871 P.2d 1379, 1384 n.13 (Okla. 1993); cf. Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1147 (10th Cir. 2023) ("An employee of the state or its political subdivision who operates or maintains a jail or correctional facility is exempt from state tort liability under the OGTCA.").

All three defendants contend, in part, that claim two should be dismissed because their respective counties are immune from suit under OKLA. STAT. tit. 155(25). Dkt. # 25, at 4-8; Dkt. # 30, at 4-7; Dkt. # 31, at 4-5. The Court agrees. While Shelton's factual allegations in support of claim two are not well developed, he clearly asserts a "constitutional" tort arising from the operational act of providing food to a pretrial detainee housed in a county jail. See Dkt. # 13, at 4 ("Acting under Oklahoma Criminal and pre-trial detention laws the defendants have restricted my freedom of religion by denying access to Kosher food that is a requirement of my strongly held religious beliefs. This violates the Oklahoma Constitution Article 1, § 2: 'Perfect toleration of religious sentiment shall be secured, . . .'."). Because the GTCA expressly exempts the counties at issue from tort liability for the claim Shelton asserts in claim two, the Court grants all three defendants' partial motions to dismiss and dismisses the second amended complaint, in part, as to

claim two, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief may be granted.[4]

### B. Claim one: defendants' alleged violation of the First Amendment

Sheriff Regalado also appears to seek dismissal of claim one—Shelton's claim that each defendant violated his right to freely exercise his religion, as protected by the First Amendment of the United States Constitution—asserting that claim one is moot, in part, to the extent Shelton seeks injunctive relief, because Shelton is no longer detained at the Tulsa County Jail. Dkt. # 31, at 5. Sheriff Simmons and Sheriff Virden do not appear to seek dismissal of claim one. See Dkt. ## 25, 30, generally.

The Court finds it unnecessary to decide whether claim one is moot, in part, because the Court finds that claim one must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), as to all defendants, for failure to state a claim on which relief may be granted. Under § 1983, a plaintiff may seek to impose liability against state officials in their individual capacities, in their official capacities, or in both capacities. As previously discussed, when a plaintiff sues a defendant in his official capacity, the suit is "essentially another way of pleading an action against the county or municipality [the official] represent[s]." Porro, 624 F.3d at 1328. But a county may be liable only

---

[4] Because all defendants, sued in their official capacities, are immune from suit under the GTCA, the Court finds it unnecessary to address (1) defendants' arguments that Shelton did not comply with the GTCA's notice-of-claim and denial-of-claim requirements and (2) Sheriff Regalado's argument that any claim for injunctive relief asserted in claim two is moot because Shelton is no longer detained at the Tulsa County Jail. Dkt. # 25, at 8-10; Dkt. # 30, at 7-10; Dkt. # 31, at 2-5; see Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv., 28 F.4th 1051, 1060 (10th Cir. 2022) (noting that "federal courts also generally have 'leeway to choose among threshold grounds for denying audience to a case on the merits.'" (quoting Valenzuela v. Silversmith, 699 F.3d 1199, 1205 (10th Cir. 2012))).

under a theory of municipal liability. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). And Monell holds that a governmental entity is liable under § 1983 only when the constitutional injury can fairly be said to have been caused by that entity's own policies and customs. Id. Thus, to state a plausible municipal-liability, or Monell, claim, a plaintiff must allege facts demonstrating "(1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right and (2) that the policy or custom was the moving force behind the constitutional deprivation." Sanders v. Glanz, 138 F. Supp. 3d 1248, 1254 (N.D. Okla. 2015). "A plaintiff can demonstrate a "municipal policy or custom" through an officially promulgated policy; a custom or persistent practice; a single decision by an official with final decision-making authority; ratification by an official with final decision-making authority of subordinates' decisions; or deliberately indifferent training that results in the violation of plaintiff's federally protected rights." Gooding v. Ketcher, 838 F. Supp. 2d 1231, 1238 (N.D. Okla. 2012).

The Court finds that the facts alleged in the second amended complaint are not sufficiently developed to state a plausible official-capacity claim against any defendant as to the First Amendment violation alleged in claim one. Even accepting as true Shelton's allegations that his strongly held religious beliefs require him to eat kosher meals and that he was not served kosher meals while he was detained at the Osage County Jail, the Muskogee County Jail, and the Tulsa County Jail, none of Shelton's allegations describe any circumstances plausibly alleging that a municipal policy or custom was the moving force behind the alleged violation of his First Amendment right to freely exercise his religion. Dkt. # 13, generally. The Court therefore dismisses the second amended complaint, in part, as to claim one, for failure to state a claim on which relief may be granted as to any defendant.

V.   **Conclusion**

Based on the foregoing, the Court concludes that defendants' partial motions to dismiss shall be granted and that the second amended complaint shall be dismissed, in part, as to claim two, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief may be granted. The Court therefore concludes that the motions filed by Sheriff Virden and Sheriff Simmons requesting that this Court deem confessed their partial motions to dismiss shall be denied as moot. The Court further concludes that the second amended complaint shall be dismissed, in part, as to claim one, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

**IT IS THEREFORE ORDERED** that (1) defendant Sheriff Eddie Virden's partial motion to dismiss filed June 23, 2023 (Dkt. # 25), (2) defendant Sheriff Andy Simmons's partial motion to dismiss filed June 26, 2023 (Dkt. # 30), and (3) defendant Vic Regalado's partial motion to dismiss filed July 6, 2023 (Dkt. # 31) are **granted**.

**IT IS FURTHER ORDERED** that the motion to deem defendant Sheriff Andy Simmons's partial motion to dismiss confessed filed September 21, 2023 (Dkt. # 33), and the motion to deem defendant Sheriff Eddie Virden's partial motion to dismiss confessed filed September 21, 2023 (Dkt. # 34) are **denied as moot**.

**IT IS FURTHER ORDERED** that the second amended complaint (Dkt. # 13) is **dismissed without prejudice** as follows: (1) claim one is dismissed as to all defendants, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted; and (2) claim two is dismissed as to all defendants, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that this is a final order terminating this action and that a separate judgment shall be entered in this matter.

**DATED** this 4th day of October, 2023.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE